Eastern District of Kentucky
F I L E D
MAR 1 2 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

DESHAWN RIVERS,                )
                               )
    Petitioner,                )    Civil No. 0:18-024-HRW
                               )
v.                             )
                               )
J.C. STREEVAL, Warden,         )    **MEMORANDUM OPINION**
                               )    **AND ORDER**
    Respondent.                )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Deshawn Rivers is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Rivers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. The parties have fully briefed that petition and, therefore, this matter is ripe for a decision. For the reasons set forth below, the Court will deny Rivers's petition.

In 2012, Rivers pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). *See United States v. Deshawn Rivers*, No. 2:12-cr-148 at D. E. Nos. 40, 51 (D.S.C. 2012). At sentencing, the trial court determined that Rivers was subject to a 15-year mandatory minimum sentence pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had three prior convictions for serious drug offenses. *See id.* at D. E. Nos. 51, 58. Ultimately, the trial court sentenced Rivers to 188 months in prison. *See id.* Rivers

1

then filed a direct appeal, but the United States Court of Appeals for the Fourth Circuit dismissed that appeal as untimely. *See id.* at D. E. No. 60. Rivers's subsequent efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. *See id.* at D. E. Nos. 82, 86, 92.

Rivers has now filed a § 2241 petition with this Court, and he challenges the validity of his sentence. Rivers lists his three prior convictions—(1) possession with the intent to distribute cocaine within the proximity of a school, (2) conspiracy to possess with the intent to distribute cocaine base, and (3) possession with the intent to distribute cocaine base—and argues that, in light of intervening case law, these convictions are no longer valid predicate offenses for purposes of an ACCA enhancement. [D. E. No. 1 at 6; No. 1-1 at 11-29]. To support his petition, Rivers cites Supreme Court decisions, including but not limited to *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as a number of federal circuit court cases. Finally, Rivers moves to amend his submission, claiming that another intervening federal circuit court case, *United States v. Rhodes*, 736 F. App'x 375 (4th Cir. 2018), also supports his petition. [D. E. No. 12].

As an initial matter, the Court will grant Rivers's motion to amend and allow him to add arguments in support of his petition. Ultimately, this Court has fully considered Rivers's initial and supplemental arguments in resolving his petition.

That said, in the end, Rivers's § 2241 petition constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Rivers cannot use a § 2241 petition as a way of challenging his sentence.

Rivers nevertheless suggests that he can attack his sentence in a § 2241 petition. It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, the Sixth Circuit explained that the petitioner must show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Court also explained that its decision addressed only a narrow subset of § 2241 petitions—those involving a "subsequent, retroactive change in statutory interpretation by the

3

Supreme Court [that] reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.* at 600.

Those circumstances do not apply in this case. That is because Rivers has not clearly identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that one or more of his previous drug convictions are not valid predicate offenses for purposes of the ACCA enhancement. Rivers has cited *Descamps* and *Mathis*, both of which discuss the approach courts should use to determine whether a prior conviction constitutes a valid ACCA predicate. But Rivers has not explained how these cases establish that the trial court erred in deciding that his three prior drug convictions qualified as valid predicates.

Rivers's reliance on the Fourth Circuit's decision in *United States v. Rhodes*, 736 F. App'x 375 (4th Cir. 2018), is also unavailing. To be sure, *Rhodes* involved S.C. Code Ann. § 44-53-445(A), and Rivers's first prior drug conviction was under that same state statute. However, as the Respondent points out [D. E. No. 15], the Fourth Circuit did *not* say in *Rhodes* that a conviction under S.C. Code Ann. § 44-53-445(A) cannot constitute a "serious drug offense" for purposes of the ACCA. Instead, the Fourth Circuit assumed the divisibility of S.C. Code Ann. § 44-53-445(A) and applied the modified categorical approach to determine whether a conviction under the statute qualified as a "controlled substance offense" under the sentencing guidelines. *See Rhodes*, 736 F. App'x at 379-80.

4

Moreover, the Fourth Circuit subsequently made it clear in *United States v. Marshall*, 747 F. App'x 139, 150 (4th Cir. 2018), that S.C. Code Ann. § 44-53-445(A) is indeed a divisible statute subject to the modified categorical approach. This allows a court to examine certain state court documents, such as the sentencing sheet from the South Carolina court, to determine which alternative offense formed the basis for the petitioner's conviction. *See Marshall*, 747 F. App'x at 150. Since Rivers acknowledges [D. E. No. 1-1 at 13] and his sentencing sheet confirms [D. E. No. 15-1] that he was convicted of possession with the intent to distribute cocaine within the proximity of a school, his conviction qualifies as a predicate offense under the ACCA. *See Marshall*, 747 F. App'x at 151 ("Because the South Carolina offense of possession with the intent to distribute corresponds directly with the ACCA definition of a 'serious drug offense,' . . . we conclude that Marshall's prior drug convictions qualify as predicate offenses under the ACCA."). In short, Rivers's reliance on recent Fourth Circuit case law is misplaced.

Finally, while Rivers has put forth other arguments and cited other cases in his petition, none of those arguments or cases demonstrate in any clear way that his sentence amounts to a miscarriage of justice or fundamental defect.

Accordingly, it is **ORDERED** as follows:

1. Rivers's motion to amend [D. E. No. 12] is **GRANTED** to the extent that this Court has fully considered his additional arguments.

2. That said, Rivers's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 12th day of March, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge